UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

SONJA STILLINGS,

       Petitioner,

v.                                      Case No. 8:21-cv-1358-VMC-AAS

KILOLO KIJAKAZI, Commissioner,
Social Security Administration,[1]

       Defendant.
_____/

## REPORT AND RECOMMENDATION

Defendant Commissioner of Social Security (the Commissioner) moves to dismiss Petitioner Sonja Stillings's Petition for Writ of Mandamus and Declaratory Judgment. (Doc. 14).

## I.   BACKGROUND

Petitioner filed applications for Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI) in March 2016. (Doc. 12-1, ¶ 3). The agency denied the applications initially, on reconsideration, and at the Administrative Law Judge (ALJ) level. Petitioner appealed the denial to the Federal Court for the Middle District of Florida, which remanded the case for

---

[1] Kilolo Kijakazi is now the Acting Commissioner of Social Security and is automatically substituted as a party under Fed. R. Civ. P. 25(d). *See also* 42 U.S.C. § 405(g) (providing that an action survives regardless of any change in the person occupying the office of Commissioner of Social Security).

further administrative action. *See Stillings v. Comm'r of Soc. Sec.*, No. 8:17-cv-2724-T-DNF (Doc. 31).

While the case was pending in federal court, Petitioner filed new applications for SSI and DIB and the agency determined she was disabled based on those applications beginning in April 2017. (Doc. 12-1, ¶ 4). On remand from the district court, an ALJ found Petitioner disabled for SSI and DIB beginning in January 2016. (*Id.*, ¶ 5). Based on the dates of Petitioner's husband's death, the agency took her Widow's Insurance Benefit (WIB) application as well. (*Id.*, ¶ 6).

Petitioner's SSI past due benefits amount was $14,718.03, which included $6,000 withheld by the agency to pay attorney's fees. The agency distributed to Petitioner payments of $3,637.00 on December 2, 2019, $1,450.00 on December 5, 2019, and $3,631.03 on December 6, 2019 for the period from April 2016 through April 2017. (*Id.*, ¶ 8). The agency also paid Petitioner $11,264 on December 18, 2020 in WIB backpay. (*Id.*, ¶ 9). The agency paid $ 2,249.52 in total past due benefits for DIB. (*Id.,* ¶ 10). With those payments, the agency released Petitioner's past due benefits under each of the three programs that she submitted applications, including SSI, DIB, and WIB.[2]

---

[2] Petitioner currently receives two benefits checks per month. One $830.00 DIB monthly payment and one $754.00 WIB monthly payment. (*See* Doc. 12-1, ¶ 13). Petitioner no longer receives SSI because her DIB benefits are over the income. (*Id.*).

(Doc. 12-1, ¶ 11).

The Petition for Writ of Mandamus requests judicial review of the Commissioner's administrative action in paying SSI, DIB, and WIB benefits. (Doc. 1). Specifically, Petitioner requests the court order the agency to calculate and pay Petitioner the benefits due to her. *Id.* The Commissioner moved to dismiss the Petition for Writ of Mandamus arguing: (1) this court does not have subject matter jurisdiction; (2) the matter is moot; and (3) Petitioner does not qualify for mandamus relief. (Doc. 12). Petitioner opposes the Commissioner's motion. (Doc. 14).

## II.   ANALYSIS

### A.   Subject Matter Jurisdiction

"[T]he United States 'is immune from suit save as it consents to be sued,' and Congress alone determines how and when the United States may be sued for judicial review of administrative orders and judgments." *Jackson v. Astrue*, 506 F.3d 1349, 1352-53 (11th Cir. 2007) (quoting *Lehman v. Nakshian*, 453 U.S. 156 (1981)). Federal subject matter jurisdiction to review final decisions of the Commissioner of Social Security is provided by 42 U.S.C. §§ 405(g) and (h). The remedies provided by § 405 "are the exclusive source of federal court jurisdiction over cases involving SSI." *Jackson*, 506 F.3d at 1353. Section 405 provides:

(g) Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow . . . .

(h) The findings and decision of the Commissioner of Social Security after a hearing shall be binding upon all individuals who were parties to such hearing. No findings of fact or decision of the Commissioner of Social Security shall be reviewed by any person, tribunal, or governmental agency except as herein provided. No action against the United States, the Commissioner of Social Security, or any officer or employee thereof shall be brought under section 1331 or 1346 of Title 28 to recover on any claim arising under this subchapter.

42 U.S.C. § 405. Thus, under the Act, "judicial review exists only over the 'final decision of the Commissioner of Social Security.'" *Cash v. Barnhart*, 327 F.3d 1252, 1255 (11th Cir. 2003) (per curiam) (quoting 42 U.S.C. § 405(g)).

Petitioner cannot establish subject matter jurisdiction under 42 U.S.C. § 405(g) because the act of paying past due benefits or the timing of payment of past due benefits is not a "final decision . . . made after a hearing" and subject to judicial review. *See Califano v. Sanders*, 430 U.S. 99, 108 (1977). The Act does not define "final decision," instead leaving it to the Commissioner to give meaning to that term through regulations. *See* 42 U.S.C. § 405(a). Under the Act, the authority to determine what constitutes a "final decision" rests with the Commissioner. *See Mathews v. Eldridge*, 424 U.S. 319, 330 (1976). "The

statutory scheme is thus one in which the [Commissioner] may specify such requirements for exhaustion as he deems serve his own interests in effective and efficient administration." *Weinberger v. Salfi*, 422 U.S. 749, 766 (1975)).

The regulations require a Social Security claimant must complete each step in the administrative review process. *See Ingram v. Comm'r of Soc. Sec. Admin.*, 496 F.3d 1253, 1263-64 (11th Cir. 2007) (citations omitted). The administrative review process includes: (1) the initial determination; (2) a request for reconsideration (informal appeal); (3) a hearing before an ALJ; and (4) Appeals Council review. *See* 20 C.F.R. § 405.1(b). The claimant may then request judicial review of the Commissioner's final decision by filing an action in federal district court within sixty days after receiving notice of the Appeals Council's action. 20 C.F.R. § 422.210.

Petitioner is not challenging an initial agency determination subject to the administrative review process. The act of calculating the past due benefits or timing of paying the past due benefits is not an initial determination subject to the administrative review process or judicial review. *See* 20 C.F.R. §§ 404.903, 416.1403. Petitioner has not obtained a final decision made after a hearing and submitted for Appeals Council review.

"'Exhaustion is generally required as a matter of preventing premature interference with agency processes, so that the agency may function efficiently

and so that it may have an opportunity to correct its own errors, to afford the parties and the courts the benefit of its experience and expertise, and to compile a record which is adequate for judicial review.'" *Crayton v. Callahan*, 120 F.3d 1217, 1222 (11th Cir. 1997) (quoting *Weinberger v. Salfi*, 422 U.S. 749 (1975)). Courts may excuse exhaustion of administrative remedies if a plaintiff raises a colorable constitutional claim and in certain special cases, such as where the claimant raises a challenge wholly collateral to her claim for benefits and makes a colorable showing that her injury could not be remedied by the retroactive payment of benefits after exhaustion. *See Heckler v. Ringer*, 466 U.S. 602, 618 (1984).

Petitioner failed to exhaust her administrative remedies necessary to establish subject matter jurisdiction. Nor has Petitioner raised a constitutional claim or otherwise established the exhaustion requirement may be waived. *See Mantz v. Social Sec. Admin.*, 486 Fed. Appx. 845, 846 (11th Cir. 2012) ("Because Mantz failed to exhaust her remedies and she does not raise a constitutional claim, the district court properly concluded that it lacked jurisdiction to hear her appeal."). Petitioner failed to carry her burden of proving this matter is within this court's subject matter jurisdiction. See *Taylor v. Appleton*, 30 F.3d 1365, 1367 (11th Cir. 1994) (holding that the plaintiff bears burden of establishing subject matter jurisdiction).

### B.     Moot

Article III of the United States Constitution limits the jurisdiction of federal courts to cases and controversies. See U.S. Const. art. III, § 2; *Lujan v. Defs. Of Wildlife*, 504 U.S. 555, 559 (1992). "[T]here are three strands of justiciability doctrine – standing, ripeness, and mootness – that go to the heart of the Article III case or controversy requirement." *Harrell v. The Fla. Bar*, 608 F.3d 1241, 1247 (11th Cir. 2010). "Federal courts lack jurisdiction to decide moot cases because their constitutional authority extends only to actual cases or controversies. To satisfy the Article III case or controversy requirement, a litigant must have suffered some actual injury that can be redressed by a favorable judicial decision." *Iron Arrow Honor Soc'y v. Heckler*, 464 U.S. 67, 70 (1983) (internal citation omitted).

The agency calculated and paid Petitioner's past due benefits under each of the three programs to which she applied. (*See* Doc. 12-1, ¶¶ 8, 9, 10, 11). Thus, her petition should be dismissed as moot.

### C.     Mandamus Relief

Under 28 U.S.C. § 1361, "district courts have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the Plaintiff." 28 U.S.C. § 1361. "Mandamus relief is available only when (1) the plaintiff has

a clear right to the relief requested; (2) the defendant has a clear duty to act; and (3) no other adequate remedy is available." *Cash*, 327 F.3d at 1258 (11th Cir. 2003). Mandamus relief is "an extraordinary remedy which should be utilized only in the clearest and most compelling of cases." *Id.* at 1257.

Petitioner failed to establish the requirements to obtain relief under the Mandamus Act. Petitioner failed to establish she has received an initial determination for which there is administrative or judicial review. If Petitioner is requesting a different calculation or payment of her past due benefits, she has not established she is entitled to such relief. Petitioner also failed to establish that no other remedy is available.

## IV.   CONCLUSION

It is **RECOMMENDED**:

1)      The Commissioner's Motion to Dismiss (Doc. 12) be **GRANTED**;

2)      The Petition for Writ of Mandamus and Declaratory Judgment (Doc. 1) be **DISMISSED** without prejudice so Petitioner may pursue any available administrative remedies and then return to federal court if appropriate. *See Crayton*, 120 F.3d at 1222 (dismissing the plaintiffs' claims "without prejudice, so that they may pursue administrative remedies and then return to federal court if appropriate"); and

3)      The Clerk of Court be directed to enter final judgment for the

Commissioner and close the case.

      **ENTERED** in Tampa, Florida, on December 6, 2021.

                *Amanda Arnold Sansone*
                AMANDA ARNOLD SANSONE
                United States Magistrate Judge

## NOTICE TO PARTIES

      The parties have fourteen days from the date they are served a copy of this report to file written objections to this report's proposed findings and recommendations or to seek an extension of the fourteen-day deadline to file written objections. 28 U.S.C. § 636(b)(1); 11th Cir. R. 3-1. A party's failure to object timely in accordance with 28 U.S.C. § 636(b)(1) waives that party's right to challenge on appeal the district court's order adopting this report's unobjected-to factual findings and legal conclusions. 11th Cir. R. 3-1.